THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **ERIK T. GARCIA-RAMOS,**<br><br>Petitioner,<br><br>v.<br><br>**UNITED STATES OF AMERICA,**<br><br>Respondent. | **Civil No. 17-1966 (ADC)**<br>**[Related to Crim. No. 15-693-11 (ADC)]** |

**OPINION AND ORDER**

Erik T. García-Ramos ("petitioner") filed a *pro se* a petition pursuant to 28 U.S.C. § 2255, asserting that trial counsel was ineffective for not seeking a minor role adjustment at sentencing. **ECF No. 1.** For the reasons that follow, the petition is **DENIED,** and the case is **DISMISSED WITH PREJUDICE**. **ECF No. 1.**

**I.      Background**

On November 5, 2015, a grand jury charged petitioner with conspiracy to possess with intent to distribute controlled substances (Count One), aiding and abetting in the possession/distribution of cocaine (Count Two), heroin (Count Three), and cocaine base (Count Four). **15-CR-693 (ADC), ECF No. 3.**[1] Petitioner was one of thirteen defendants charged.

Petitioner entered a Plea and Forfeiture Agreement pursuant to Fed. R. Crim. P. 11(c)(1)(B) whereby petitioner pled guilty to Count One of the Indictment. **15-CR-693 (ADC), ECF No. 105**. According to petitioner's plea agreement, petitioner was to plead guilty to one

---

[1] The Indictment was unsealed on November 12, 2015.

count under "28 USC 841, 846, for the conspiracy to possess with the intent to distribute, a reduced drug quantity: at least three point five (3.5) but less than five (5) kilograms of cocaine, which pursuant to USSG Section 2D1.1(c)(6) established a base offense level of twenty-eight (28). Since [petitioner] accepted responsibility for his participation in the offense, a three (3) level deduction was also stipulated, establishing an adjusted offense level of twenty-five (25). The parties stipulated to a sentence recommendation for a "sentence within the applicable guideline sentencing range," which in this case translated in a range of 60-71 months of imprisonment. **15-CR-693, ECF No.105**, at 8. The parties also agreed that two prior state convictions were to be considered relevant conduct. More so, within paragraph 9 of the plea agreement, petitioner also acknowledged and stipulated that "no further adjustments or departures…and no variances" were to be sought by defendant. **ECF No. 105**. Petitioner stipulated his role within the conspiracy as that of a "seller" and "runner" for the drug trafficking organization.[2] **15-CR-693 (ADC), ECF No. 105** at 13-14.

On January 24, 2017, as requested via petitioner's sentencing memorandum, the Court sentenced him to an imprisonment term of 60 months. Pursuant to the terms of the Plea and Forfeiture Agreement, the government was to dismiss Counts Two, Three, and Four of the

---

[2] "The runners worked under the supervision of the leaders of the drug trafficking organization. They were responsible for providing sufficient narcotics to the sellers for further distribution at the drug point. They were also responsible for collecting the proceeds of drug sales and paying the street sellers. The runners would also supervise the sellers and the daily activities at the drug point. The following co-conspirators acted as drug point supervisors and runners within the drug trafficking organization: [3] Ruben Figueroa Santiago, [5] Fred Bernard Rodríguez, [11] Erick T. García Ramos and [12] Julio Araud Figueroa." **15-CR-693 (ADC), ECF No. 160** at 7-8.

indictment. Upon defendant's guilty plea, judgment was entered accordingly. **15-CR-693 (ADC), ECF No. 239**.

Petitioner did not appeal. **ECF No. 1** at 3. Actually, pursuant to the plea agreement, he had agreed to waive appeal rights, if sentenced withing the applicable guideline range. However, docketed on July 17, 2017 at **17-1966 (ADC), ECF No. 1**, petitioner filed the instant habeas petition under 28 U.S.C. § 2255 seeking "[a] reduction in the offense level." *Id* at 7. Petitioner contends he was a "minimal participant in the conspiracy" and that he "acted as seller for the drug trafficking organization." *Id* at 5. Petitioner did not submit a memorandum or any other brief in support of his petition. The Court, taking the petition in the light most favorable to petitioner, assumes he intended to raise an ineffective assistance of counsel claim, based on counsel's failure to argue for a minor role adjustment.

## II. Legal Standard

Pursuant to 28 U.S.C. § 2255, "[a] prisoner in custody under sentence of a court established by [an] Act of Congress . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). "[T]he statute provides for post-conviction relief in four instances, namely, if the petitioner's sentence (1) was imposed in violation of the Constitution, or (2) was imposed by a court that lacked jurisdiction, or (3) exceeded the statutory maximum, or (4) was otherwise subject to collateral attack." *David v. United States*, 134 F.3d 470, 474 (1st Cir. 1998) (*citing Hill v. United States*, 368 U.S. 424, 426-27 (1962)). Claims that do not allege constitutional or jurisdictional errors are properly brought under section 2255 only if the

claimed error is a "fundamental defect which fundamentally results in a complete miscarriage of justice" or "an omission inconsistent with the rudimentary demands of fair procedure." *Id.*

To succeed on a claim that counsel was constitutionally ineffective, "[p]etitioner must first show that his counsel's 'performance was deficient,' and he must then show that 'the deficient performance prejudiced the defense.'" *Williams v. United States*, 858 F.3d 708, 715 (1st Cir. 2017) (quoting *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). "The first requirement necessitates a demonstration that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* (citation and internal quotation marks omitted). Nonetheless, courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* (citations and internal quotation marks omitted). This standard is "highly deferential" and courts "indulge a strong presumption that . . . under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Walker v. Medeiros*, 911 F.3d 629, 633 (1st Cir. 2018) (citing *Strickland*, 466 U.S. at 689).

The second prong requires that defendant "show that the deficient performance prejudiced the defense, which requires proof that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Jaynes v. Mitchell*, 824 F.3d 187, 196 (1st Cir. 2016).

Failure to prove either prong of an ineffective assistance claim is fatal to the claim. *United States v. Caparotta*, 676 F.3d 213, 219–20 (1st Cir. 2012). The petitioner bears a heavy burden of proof in this regard. *See Argencourt v. United States*, 78 F.3d 14, 16 (1st Cir. 1996). However, the

court need not address both requirements if the evidence as to either is lacking. "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." *Strickland*, 466 U.S. at 697.

### III. Discussion

Petitioner seeks habeas relief asserting that "his [a]ttorney failed to claim" a reduction based on his minor role. **ECF No. 1**. Petitioner did not complain about any other aspect of counsel's performance nor did he challenge the Plea and Forfeiture Agreement.

#### A. Ineffective Assistance

Without stating any specific argument or narrative in support, petitioner shouldered his entitlement to a minor role adjustment on counsel's alleged ineffective assistance. The Court will thus first turn to petitioner's challenge to the constitutional effectiveness of counsel's performance.

The Sixth Amendment right to counsel applies to most stages before trial, including the plea-bargaining stage and sentencing. *Montejo v. Louisiana*, 556 U.S. 778, 786 (2009). *Strickland's* two-part test thus, ensues claims of ineffective assistance during the plea bargain process. Accordingly, "[p]etitioner must first show that his counsel's 'performance was deficient,' and he must then show that 'the deficient performance prejudiced the defense.'" *Williams v. United States*, 858 F.3d 708, 715 (1st Cir. 2017) (quoting *Strickland v. Washington*, 466 U.S. 668, 687 (1984)).

"The first requirement necessitates a demonstration that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* (citation and internal quotation marks omitted). Nonetheless, courts "indulge

a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*. (citations and internal quotation marks omitted).

### (i) Petitioner benefitted from entering into a Plea Agreement

Here, petitioner does not state what counsel did wrong. The Court has no thread to pull in order to question counsel's effectiveness. Quite the contrary, the information available in the record stands in favor of counsel's effective assistance. The Court notes that by entering into the plea agreement petitioner benefitted from (i) a stipulated drug amount lower than the amount originally charged, (ii) the dismissal of the three remaining charges against petitioner, (iii) a three level reduction for his timely acceptance of responsibility, and (iv) avoided enhanced guideline calculations, given the foreseeability of the use of weapons by co-conspirators, ,(v) securing no enhancements but rather, concurrency or time credits for sentences at state level to be deemed relevant conduct. Moreover, while a recommendation for a "within guideline sentence" was agreed upon, petitioner was sentenced to the minimum under the applicable range, which in turn is the statutory mandatory minimum. **15-CR-693 (ADC), ECF No. 160** at 16and **ECF No. 239.**

### (ii) Drugs amount

Petitioner included an unclear statement indicating "whether the base offense level calculation will consist of only those quantities of drug attributable to M.R. Garcia actions." **ECF No. 1** at 3. Reading this assertion in light most favorable to petitioner, the Court assumes that petitioner intended to raise an argument as to counsel's ineffectiveness with regards to the stipulated drugs amount for which he pled guilty. However, petitioner does not explain, nor


does he proffer a different amount or version of the facts. Contrary to his unsubstantiated and unclear assertion, petitioner benefitted by the drugs amount stipulation included in the plea agreement. To wit, petitioner was originally charged with knowingly and intentionally possess with intent to distribute and or to distribute controlled substances: in "(Count One) **"in excess of 5 kilograms** of a mixture or substance containing a detectable amount of cocaine... in excess of 1 kilogram of a mixture or substance containing a detectable amount of heroin… in excess of 280 grams of a mixture or substance containing a detectable amount cocaine base… and a mixture or substance containing a detectable amount of marijuana". **15-CR-693 (ADC), ECF No. 105** at 2**, 465** at 18 (emphasis added). By stipulating the drugs amount to at least 3.5 kilogram but less than 5 kilograms under Count One of the indictment, petitioner certainly benefited by reducing his mandatory minimum sentence in half. In addition, the government agreed to dismiss the remaining three charges against petitioner. More importantly, the petition fails to set forth the reasons why counsel rendered an ineffective defense by allowing petitioner to plead guilty to only one of four charges and to a lower drug amount as originally charged in the indictment.

### (iii) Petitioner was made aware of his waiver of rights

As to the waiver of constitutional rights, petitioner does not and cannot argue that the waiver of rights he consented to via plea agreement, constitutes the basis of his counsel's ineffectiveness. During the Rule 11 (Change of Plea) hearing, the Court made petitioner aware of all the rights he waived by agreeing to be sentenced in accordance with the Plea and Forfeiture Agreement. **15-CR-693 (ADC), ECF No. 465 at 13-15.** The same happened at sentencing when

the Court alerted petitioner as to the consequences of having waived his appeal rights. *Id*, **ECF No. 464** at 13 ("I understand that you have been sentenced to the exact term that you negotiated in your plea agreement and the same type of sentence upon which you waived your right to appeal. As such that waiver is completely enforceable. If you were to decide to take an appeal from the sentence that I imposed, you should expect that the government will move the Court of Appeals to dismiss your appeal, with one basic argument, that you got the sentence that you stipulated and bargained for."). The Court also asked petitioner "[i]s there anything that you would like to state, to say here that I should consider in deciding what your sentence will be?" *Id* at 5. To such specific inquiry, petitioner answered in the negative.

### (iv) Petitioner indicated he was happy with counsel's job

Furthermore, the record clearly reflects that petitioner "represent[ed] to the Court that he [was] satisfied with counsel… and that counsel has rendered effective assistance." **15-CR-693 (ADC), ECF No. 105** at. 6. During the change of plea hearing, defendant was asked by the United States Magistrate- Judge if he was happy with counsel's "job," to which petitioner responded "yes." **15-CR-693 (ADC), ECF No. 465**.

### (v) Minor role

Petitioner asserts that he was a "minimal participant in the conspiracy" insinuating that his counsel was ineffective by not obtaining an adjustment. **ECF No. 1** at 3. Even if the Court were to consider whether petitioner qualified for a "minor role" adjustment, the petition once again, fails.

A determination of a defendant's role in an offense "cannot be clearly erroneous where it is based on a reasonable inference drawn from the undisputed facts." *United States v. DiIorio*, 948 F.2d 1, 5 (1st Cir. 1991). "[A] defendant who aspires to be classified as a minor participant bears the burden of proving that he is both (i) less culpable than most other participants in the offenses of conviction, and (ii) less culpable than the average miscreant involved in offenses of the same genre." *United States v. Sánchez*, 354 F.3d 70, 74 (1st Cir. 2004). Moreover, a defendant who seeks a minor role adjustment bears the burden of proving his entitlement thereto by a preponderance of the evidence. *U.S. v. Vargas*, 560 F.3d 45, 50–51 (1st Cir. 2009).

Here, petitioner's lonesome and conclusory argument at **ECF No. 1** at 3 fails to set forth, facts for the Court to consider any specific detail of his role as a "seller" or "runner" within the drug trafficking organization that would entitle him to such adjustment. On the other hand, such "minor role" was never stipulated to and the Court notes that petitioner stipulated, and has not challenged - that he was also a "runner" for the drug trafficking organization. **15-CR-693 (ADC), ECF No. 105** at 13-14. Though he fails to acknowledge as much in his petition, the record is clear.

Accordingly, petitioner has not shown that his attorney was inefficient during the plea-bargaining or sentencing stage, as required under the first prong of *Strickland*. Much less can petitioner's claims be deemed to raise an issue of a potential prejudiced defense. The petition thus fails to meet the *Strickland's* factors and should be denied.

    **B.**     **An evidentiary hearing is not warranted**

Mindful of the fact that petitioner filed a *pro se* habeas, the Court construes his petition as liberally as possible. However, the deeper the Court delves into the record to look for any

nuggets in support of the petition, the more evident it becomes that the petition is meritless. Petitioner must understand that even if a two-point adjustment were to be allocated, given his role in the offense, that would be an exercise in futility since the statutory minimum sentence remains at sixty (60) months, which was the sentence imposed. Even if *pro se*,[3] petitioner bears the burden of proving that he is entitled to relief. *See United States v. Ocasio*, 914 F.2d 330, 332 (1st Cir. 1990). Petitioner failed to meet the bare bones requirements for a downward adjustment based on his role in the offense. Moreover, "a § 2255 motion may be denied without a hearing as to those allegations which, if accepted as true, entitle the movant to no relief, or which need not be accepted as true **because they state conclusions instead of facts, contradict the record**, or are 'inherently-incredible.'" *United States v. McGill*, 11 F.3d 223, 226 (1st Cir. 1993) (emphasis added)(citing *Shraiar v. United States*, 736 F.2d 817, 818 (1st Cir. 1984)); *see Barrett v. United States*, 965 F.2d 1184, 1186 (1st Cir. 1992); *United States v. DiCarlo*, 575 F.2d 952, 954 (1st Cir. 1978). Interpreted in the light most favorable to petitioner, the assertions at **ECF No. 1** are nothing more than unsupported conclusions. They are also contradicted by the record. Thus, an evidentiary hearing is here unwarranted.

Accordingly, petitioner request **ECF No. 1** is hereby **DENIED** without a hearing.

## IV.    Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, a "district court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to the

---

[3] "*Pro se* status does not insulate a party from complying with procedural and substantive law." *Ahmed v. Rosenblatt*, 118 F.3d 886, 890 (1st Cir. 1997).

applicant." Rules Governing § 2255 Proceedings, Rule 11, 28 U.S.C.A. § 2255. To merit a COA, an applicant must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). As petitioner has not made out a case showing a violation or denial of a constitutional right, a certificate of appealability is hereby **DENIED**.

## V. Conclusion

Petitioner's motion at **ECF No. 1** is **DENIED** and the case is **DISMISSED WITH PREJUDICE**; the Court **DENIES** a certificate of appealability.

The Clerk of the Court shall enter judgment accordingly.

**SO ORDERED.**

At San Juan, Puerto Rico, on this 27th day of November, 2020.

                                                            **S/AIDA M. DELGADO-COLÓN**
                                                            **United States District Judge**